IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

CARL K. THOMPSON,

        Plaintiff,

        v.

LYNNIE EINERSON,

        Defendant.

Case No. 3:22-cv-00204-JMK

## SCREENING ORDER

On September 19, 2022, self-represented prisoner, Carl K. Thompson ("Plaintiff") filed a Complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] On November 21, 2022, Plaintiff filed a "Notice of Filing Signature Page."[2] The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)   fails to state a claim on which relief may be granted; or

---

[1] Dockets 1–3.
[2] Docket 4.

> > (iii) seeks monetary relief against a defendant who is immune from such relief.[3]

To determine whether a complaint states a valid claim for which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[4] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[5] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Factual allegations must not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] While a complaint need not, and should not, contain every precise, factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[7]

---

[3] 28 U.S.C. § 1915A.

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[5] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Id.*

Case No. 3:22-cv-00204-JMK, *Thompson v. Einerson*
Screening Order
Page 2 of 9
Case 3:22-cv-00204-JMK   Document 5   Filed 03/27/23   Page 2 of 9

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[8] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[9]

## DISCUSSION

### I. Complaint

Plaintiff alleges Lynnie Einerson, Superintendent of the Wildwood Correctional Complex ("Defendant"), violates the Takings Clause of the Fifth Amendment by placing a ten-day hold on Plaintiff's U.S. Postal Money Order before making the money accessible to Plaintiff.[10] Plaintiff asserts the Department of Correction (DOC) policy allows a ten-day hold to be placed only on "non-governmental checks."[11] For relief, Plaintiff seeks declaratory and injunctive relief. Specifically, Plaintiff seeks a declaration stating "that a U.S. Postal Money Order is a 'government check' not subject to any hold."[12] Plaintiff also seeks injunctive

---

[8] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[9] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[10] Docket 1 at 2, 4.

[11] Docket 1 at 4.

[12] Docket 1 at 6.

Case No. 3:22-cv-00204-JMK, *Thompson v. Einerson*
Screening Order
Page 3 of 9
Case 3:22-cv-00204-JMK   Document 5   Filed 03/27/23   Page 3 of 9

relief preventing Defendant from placing any holds on future U.S. Postal Money Orders made out to Plaintiff in the future.[13]

## II. Failure to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]" Each claim should identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him. While a complaint need not contain every precise, factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[14] To state a claim, a complaint must demonstrate that a defendant caused the plaintiff harm.[15] Additionally, claims under 42 U.S.C. § 1983 have specific, elemental pleading requirements. The Court now provides the following guidance to assist Plaintiff in the event Plaintiff elects to file an amended complaint.

## III. Civil Rights Claims Under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section § 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution

---

[13] Docket 1 at 6.

[14] *Id.*

[15] To establish Article III standing, a plaintiff must show that (1) he has suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical, (2) the injury is fairly traceable to the challenged action of the defendant, and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. U.S.C.A. Const. Art. 3, § 2, cl. 1.

Case No. 3:22-cv-00204-JMK, *Thompson v. Einerson*
Screening Order
Page 4 of 9
Case 3:22-cv-00204-JMK   Document 5   Filed 03/27/23   Page 4 of 9

or federal statutes.[16] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[17] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[18] Section 1983 does not confer federal constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[19] Section 1983 does not provide a mechanism for remedying alleged violations of state law.[20]

## IV. Takings Clause of the Fifth Amendment

The Takings Clause of the Fifth Amendment prohibits the government from taking private property for public use without just compensation. This right is applicable to the states through the Due Process Clause of the Fourteenth Amendment.[21] To prove that a "taking" has occurred in violation of the Fifth Amendment, a plaintiff must demonstrate that (1) the subject matter is property in which he has an interest and that (2) there has been a taking of that property for public use for which compensation is due.[22]

---

[16] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).
[17] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).
[18] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).
[19] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).
[20] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).
[21] *Webb's Fabulous Pharmacies, Inc. v. Beckwith,* 449 U.S. 155, 160 (1980).
[22] *Engquist v. Oregon Dep't of Agric.,* 478 F.3d 985, 1002 (9th Cir. 2007); see also *Schneider v. Cal. Dep't of Corr. (Schneider II ),* 151 F.3d 1194, 1198 (9th Cir.1998).

Case No. 3:22-cv-00204-JMK, *Thompson v. Einerson*
Screening Order
Page 5 of 9
Case 3:22-cv-00204-JMK   Document 5   Filed 03/27/23   Page 5 of 9

Plaintiff does not allege that his funds have been withheld from him, only delayed. Although a temporary hold on money orders appears unnecessary because they are issued by the United States Postal Service, such holds are similar to standard commercial banking procedures that place holds on most deposited checks.[23] As pled, Plaintiff fails to allege facts to support the taking of property in which he has an interest or that prison officials took his property for public use without compensating him. Accordingly, Plaintiff fails to state a takings claim.

## V.   Deprivation of Property without Due Process

The standard analysis for a claim of a violation of procedural due process "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient."[24] For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[25] In order to have a "property interest in a benefit, a person clearly must have more than an abstract need or desire for it."[26] Additionally, authorized deprivations of property

---

[23] *See, e.g., Roop v. Ryan,* 2013 WL 3155402, at *5 (D. Ariz. June 20, 2013).
[24] *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam).
[25] *Sandin v. Connor*, 515 U.S. at 472, 484 (1995).
[26] *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

Case No. 3:22-cv-00204-JMK, *Thompson v. Einerson*
Screening Order
Page 6 of 9
Case 3:22-cv-00204-JMK   Document 5   Filed 03/27/23   Page 6 of 9

are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest.[27]

Again, Plaintiff does not claim his funds have been withheld, only delayed. Thus, absent additional facts, Plaintiff fails to state a claim for violation of the due process clause. Even construing Plaintiff's claims liberally, Plaintiff does not allege federally protected constitutional or civil rights, but rather systemic grievances best addressed through the legislative and political processes. Therefore, his Complaint must be dismissed. However, the Court grants leave to amend.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at Docket 1 is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. The Court grants leave to amend.

2. Plaintiff is accorded **30 days** to file **one of the following**:

   a. <u>First Amended Complaint</u>, in which Plaintiff restates his claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order. An amended complaint replaces the prior complaints in its entirety.[28] Plaintiff need not supply legal research, only the facts that he alleges in support of an amended complaint.

---

[27] *Turner v. Safley*, 482 U.S. 78, 89 (1987).

[28] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

Case No. 3:22-cv-00204-JMK, *Thompson v. Einerson*
Screening Order
Page 7 of 9
Case 3:22-cv-00204-JMK   Document 5   Filed 03/27/23   Page 7 of 9

> Plaintiff must include all of the claims he seeks to bring in an amended complaint. Any claims not included in the amended complaint will be considered waived. Any exhibits attached to the amended complaint should be submitted without alteration by Plaintiff; **OR**
>
> b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form **within 30 days,** this case may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff. This dismissal would count as a "strike" against Plaintiff under § 1915(g).[29] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

4. At all times, Plaintiff must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of

---

[29] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 3:22-cv-00204-JMK, *Thompson v. Einerson*
Screening Order
Page 8 of 9
Case 3:22-cv-00204-JMK   Document 5   Filed 03/27/23   Page 8 of 9

this case under Rule 41(b) of the Federal Rules of Civil Procedure without further notice to Plaintiff.

5. Each litigant is responsible for keeping a copy of each document filed with the Court. When a litigant mails a document to the Court, the Court will mail to the litigant a Notice of Electronic Filing ("NEF") that will indicate when that document was filed on the docket and the docket number of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page, In the event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

6. The Clerk of Court is directed to send Plaintiff the following forms with this order: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 27th day of March, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00204-JMK, *Thompson v. Einerson*
Screening Order
Page 9 of 9
Case 3:22-cv-00204-JMK   Document 5   Filed 03/27/23   Page 9 of 9